UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROY D. MORAGA,<br><br>    Plaintiff<br><br>v.<br><br>MINEV, et al.,<br><br>    Defendants | Case No.: 3:21-cv-00482-MMD-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 25 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for judgment on the pleadings. (ECF No. 25.) Defendants filed a response (ECF No. 26) and Plaintiff filed a reply (ECF No. 27).

After a thorough review, it is recommended that Plaintiff's motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 6.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment claim for deliberate indifference to his serious medical needs against Dr. Michael Minev, Jessica Rambur (mistakenly identified as J. Isaacson), and Danielle Richard. (ECF No. 7.) Plaintiff alleges that he has had hepatitis C since 1998. In 1990, he claims that NDOC knew he had hepatitis C. He is enrolled in the prison's chronic care clinic for diabetes, but no one has

seen him for hepatitis C. He has requested medical treatment for hepatitis C because the right side of his body near the kidney is swollen, and he is in pain, but he has received no treatment. He avers that on March 24, 2022, prison officials issued a blood draw to see if he had cancer on his liver. Plaintiff claims that Minev denied him treatment; Rambur denied Plaintiff's obvious need for treatment based on an APRI score; and Richard denied treatment on the basis that his condition was not serious enough.

Plaintiff has filed a motion for judgment on the pleadings. (ECF No. 25.)

## II. LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). Judgment on the pleadings is limited to material included in the pleadings, as well as documents attached to the complaint, documents incorporated by reference and matters of judicial notice, unless the court elects to convert the motion to one for summary judgment. *Yakima Valley Mem'l Hosp. v. Dep't of Health*, 654 F.3d 919, 925 n. 6 (9th Cir. 2011). The court must accept as true the facts pled by the non-movant, and the court will construe the pleadings in the light most favorable to the non-moving party. *U.S. ex. rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011); *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998).). "A Rule 12(c) motion for judgment on the pleadings is properly granted only when, 'taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" *Herrera v. Zumiez, Inc.,* 953 F.3d 1063, 1068 (9th Cir. 2020) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999)); *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

///

///

## III. DISCUSSION

In his motion, Plaintiff states that on April 12, 2023, he was transported to Renown where he was seen by a surgeon who said that Plaintiff would soon be having his fourth and fifth surgeries of his stomach. He also mentions that defense counsel, Mr. Rands, said he would not object to Plaintiff being appointed counsel. (ECF No. 25.)

Defendants are correct that Plaintiff has not submitted points and authorities that establish he is entitled to judgment on the pleadings. Instead, he relies on a previously filed motion for appointment of counsel (ECF No. 24); however, that motion was denied by the court (ECF No. 28).

Having failed to establish he is entitled to judgment on the pleadings, Plaintiff's motion (ECF No. 25) should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for judgment on the pleadings (ECF No. 25).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 20, 2023

_____
Craig S. Denney
United States Magistrate Judge