UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROY D. MORAGA,<br><br>      Plaintiff<br><br>v.<br><br>MINEV, et al.,<br><br>      Defendants | Case No.: 3:21-cv-00482-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 31 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion for summary judgment. (ECF Nos. 31, 31-1 to 31-6, 33-1 to 33-4.) Plaintiff filed a response. (ECF No. 36.) Defendants filed a reply brief on August 15, 2023. (ECF No. 40.) Plaintiff filed a supplemental response on August 17, 2023. (ECF No. 41.) Defendants filed their reply brief (ECF No. 48)[1] and Plaintiff filed a response to the reply (ECF No. 49).

After a thorough review, it is recommended that Defendants' motion be granted.

### I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 6.) The

---

[1] In their second reply, Defendants ask the court to strike Plaintiff's supplemental response (ECF No. 41); however, that request should be denied because Plaintiff was given leave by Chief Judge Du to file the supplemental response. (ECF No. 38.)

events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment claim for deliberate indifference to his serious medical needs against Dr. Michael Minev, Jessica Rambur (mistakenly identified as J. Isaacson), and Danielle Richard. (ECF No. 7.) Plaintiff alleges he has had hepatitis C since 1998. In 1990, when he entered the prison system, he claims that NDOC knew he had hepatitis C. He is enrolled in the prison's chronic care clinic for diabetes, but no one has seen him for hepatitis C. He has requested medical treatment for hepatitis C because the right side of his body near the kidney is swollen, and he is in pain, but he has received no treatment. He avers that on March 24, 2022, prison officials issued a blood draw to see if he had cancer on his liver. Plaintiff claims that Dr. Minev denied him treatment; Rambur denied Plaintiff's obvious need for treatment based on an APRI score[2]; and Richard denied treatment on the basis that his condition was not serious enough. The court construed the pleading as alleging that Defendants' decisions to wait and see with respect to his hepatitis C caused his condition to worsen to the point that liver cancer became a concern.

Defendants move for summary judgment, arguing that Plaintiff does not have hepatitis C or symptoms that warrant any treatment. In addition, none of the Defendants saw or treated Plaintiff, and Nurses Rambur and Richard do not have the authority to order medication. Alternatively, they argue they are entitled to qualified immunity.

---

[2] An APRI score is the Aspartate Aminotransferase Platelet Ratio Index formula which assists in assessing a patient's chronic hepatitis C progression. If the score is above 0.5, there may be some liver damage (fibrosis). If the score is above 1.5, the patient likely has, or is quickly approaching cirrhosis of the liver. (Minev Decl., ECF No. 31-2 ¶¶ 10-13.)

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and

determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the

pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Rule 56(d)**

In the first few pages of his response to Defendants' motion, Plaintiff asserts that he sent defense counsel, Mr. Rands, a meet and confer letter, and Mr. Rands failed to respond, and then filed this motion for summary judgment before Plaintiff could file a motion to compel. It is possible Plaintiff is requesting relief under Federal Rule of Civil Procedure 56(d).

If a party shows "by affidavit or declaration that … it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Rule 56(d) provides a 'device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). "A party seeking additional discovery under Rule 56(d) must 'explain what further discovery would reveal that is essential to justify [its] opposition to the motion[ ] for summary judgment.'" *Id.* (quoting *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (alterations original, quotations omitted).

Plaintiff has not demonstrated in an affidavit or declaration (or even in argument) what additional discovery he seeks, or how this would reveal facts essential to oppose Defendants' motion for summary judgment. Therefore, Plaintiff has not met his burden under Rule 56(d), and there is no basis to defer consideration of this motion or deny the motion under this rule.

**B. Eighth Amendment Deliberate Indifference**

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104); *see also Akhtar*, 698 F.3d at 1213.

If the medical need is "serious," the plaintiff must show that the defendant acted with deliberate indifference to that need. *Estelle*, 429 U.S. at 104; *Akhtar*, 698 F.3d at 1213 (citation omitted). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Akhtar*, 698 F.3d at 1213 (citation omitted).

**C. Analysis**

Chronic hepatitis C results in liver fibrosis or liver scarring. When fibrosis increases, it can lead to cirrhosis of the liver, a liver disease that forestalls common liver functions. (Minev Decl., ECF No. 31-2 ¶ 4.)

As of October 2020, all inmates (unless they refuse or opt out) are tested for hepatitis C during intake, and all inmates not previously tested will be tested. All inmates who test positive for hepatitis C are candidates for treatment direct acting antiviral medication (DAA), and all inmates with hepatitis C will receive DAA treatment unless there are medical reasons indicating that treatment with DAA is not medically appropriate or necessary. (ECF No. 31-1.)

Defendants provide the declaration of defendant Dr. Minev, who was employed as NDOC's medical director between October 2018 and September 2022. (Minev Decl., ECF No. 31-2 ¶ 2,) Dr. Minev reviewed Plaintiff's medical records and asserts that Plaintiff did not suffer from chronic hepatitis C. (*Id*. ¶ 17(a).)

Plaintiff asserts that a nurse at Carson Tahoe Hospital told him he has hepatitis A, B, and C. However, Plaintiff does not provide any medical records or a declaration from the nurse to substantiate this conclusion. That being said, in his supplemental response, Plaintiff provides a copy of Dr. Minev's response to his second level grievance which states that Plaintiff was enrolled in the Infectious Disease Chronic Clinic for hepatitis C and his medical file indicates he was last seen by chronic care nurses on February 18, 2021. The response goes on to state: "To make sure you are being followed appropriately for HCV and that the NDOC is in compliance with Medical Directive #219 which covers treatment of inmates with HCV the Infectious

Diseases and Chronic Clinic Nurse at your institution has been contacted to review your case. Grievance resolved." (ECF No. 41 at 4.)

Cross-referencing this with Plaintiff's chronic care medical records, the record from February 18, 2021, indicates that Plaintiff was being followed for hypertension, diabetes, and hepatitis C. (ECF No. 33-1 at 3.) Therefore, Plaintiff has raised a genuine dispute of material fact as to whether he had hepatitis C, which is undoubtedly a serious medical need.

Assuming he has hepatitis C, the question remains whether Defendants were deliberately indifferent to his condition in delaying the provision of treatment for hepatitis C in an alleged "wait and see" approach.

Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *Stewart v. Aranas,* 32 F.4th 1192, 1195 (9th Cir. 2022) (citing *Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985)); *McGuckin*, 974 F.2d at 1060. "At some point 'wait and see' becomes deny and delay." *Stewart*, 32 F.4th at 1195 (inmate plaintiff's condition sharply deteriorated and defendants did not deviate from the "wait and see" treatment plan).

Defendants provide evidence that Plaintiff's APRI score, based on his blood test results from February 2022, was 0.1. (Minev Decl., ECF No. 31-2 ¶ 17(b).) In April of 2021, Plaintiff's blood was drawn and revealed a fibrosis score of 0.12, or no fibrosis. (ECF No. 33-3.) Also in April 2021, Plaintiff had an abdominal x-ray which was negative for acute abdominal pathology, as such there was no evidence of liver cancer. (*Id.* ¶ 18; ECF No. 33-4.)

Plaintiff asserts that he was transferred to the emergency room on November 24, 2022, and he had emergency surgery to remove his gall bladder and then to remove gallstones lodged

between his liver and pancreas. He claims he ended up in the emergency room for his surgery because a correctional officer noticed he was jaundiced, which he maintains is from hepatitis.

Plaintiff provides no medical records nor declarations from medical providers to substantiate these assertions. Nor does he provide evidence that his gallbladder surgeries were in any way related to hepatitis C.

On the other hand, Defendant's provide a declaration from NDOC's Medical Director, Dr. Joseph Benson, who states that hepatitis C does not have a direct viral effect on the gallbladder. (Benson Decl., ECF No. 40-1.)

With no indication Plaintiff's gallbladder surgeries are related to hepatitis C, an unremarkable abdominal x-ray, an APRI score within normal limits, no liver fibrosis, or any other evidence that a failure to provide or delay in providing hepatitis C treatment has led to further injury, there is no evidence of deliberate indifference. Therefore, summary judgment should be granted in Defendants' favor.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DENYING** Defendants' request in their second reply brief to strike Plaintiff's supplemental response;

(2) **DENYING** Plaintiff's request under Federal Rule of Civil Procedure 56(d); and

(3) **GRANTING** Defendants' motion for summary judgment (ECF No. 31).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

    2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 21, 2023

                                                                 _____
                                                                  Craig S. Denney
                                                                  United States Magistrate Judge