UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY D. MORAGA,<br><br>                           Plaintiff,<br>      v.<br>MINEV, *et al.*,<br><br>                          Defendants. | Case No. 3:21-cv-00482-MMD-CSD<br><br>ORDER |

## I.    SUMMARY

Plaintiff Roy D. Moraga, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Michael Minev, Jessica Rambur,[1] and Danielle Richard. (ECF No. 6.) Before the Court is a Report and Recommendation of United States Magistrate Judge Craig S. Denney (ECF No. 50 ("First R&R")) recommending the Court deny Plaintiff's motion for judgment on the pleadings (ECF No. 25 ("Plaintiff's Motion")), as well as a Report and Recommendation (ECF No. 52 ("Second R&R")) recommending the Court grant Defendants' motion for summary judgment (ECF No. 31 ("Defendants' Motion")). Plaintiff filed an objection, which the Court construes as objecting to both R&Rs. (ECF No. 53 ("Objection").)[2] Because the

---

[1]Defendants note that Rambur was identified as "J. Isaacson" in the operative complaint. The Court will use Rambur as the purportedly correct name in this order. (ECF No. 14 at 1 (notice of acceptance of service); ECF No. 54 at 1.)

[2]While the Objection is not clearly labelled as to the First R&R or Second R&R, the Court liberally construes it as an objection to both R&Rs, as Plaintiff references the standard for judgment on the pleadings (ECF No. 53 at 1-2) and specifically responds to findings made in the Second R&R (*id.* at 3-4).

Defendants responded to the Objection. (ECF No. 54.) Plaintiff filed a reply to Defendants' response. (ECF No. 55.) The Court does not consider the reply because, under Local Rule IB 3-1(a), "[r]eplies [to responses to objections] will be allowed only with leave of the court," and Plaintiff did not seek leave of court. In any event, considering the reply would not change the Court's analysis here.

Court agrees with Judge Denney's analysis as to both Motions, the Court will adopt the R&Rs. Accordingly, the Court will deny Plaintiff's Motion and grant Defendants' Motion.

## II.   BACKGROUND

The Court incorporates by reference Judge Denney's summary of the case's background provided in the R&Rs (ECF No. 50 at 1-2; ECF No. 52 at 1-2), which the Court adopts to the extent they are consistent with the findings below.

## III.   DISCUSSION

The Court addresses Plaintiff's objections to each R&R in turn. Because Plaintiff filed his Objection, the Court conducts a de novo review of those objected-to findings and recommendations. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only if*, one or both parties file objections to the findings and recommendations.").

As an initial matter, Plaintiff argues that 28 U.S.C. § 636(b)(1)(B), under which this matter was referred to Judge Denney, pertains to criminal cases, not civil cases. (ECF No. 53 at 1.) However, 28 U.S.C. § 636(b)(1)(B) applies to both civil and criminal cases and certainly applies here. Under that subsection, "a judge may also designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)"—which includes motions for judgment on the pleadings and for summary judgment in a civil case. 28 U.S.C. § 636(b)(1)(A)-(B).

As to both R&Rs, Plaintiff objects to the finding that he "alleges that he has had hepatitis C since 1998" and asserts that he has had hepatitis C since 1968. (ECF No. 53 at 1.) For the record, the Court finds that, consistent with Plaintiff's operative complaint (ECF No. 6 at 4) and the screening order in this case (ECF No. 7 at 3), Plaintiff alleges that he has had hepatitis C since 1968.

### A.   Objection to First R&R

Judge Denney recommends the Court deny Plaintiff's Motion because Plaintiff

2

failed to establish that he is entitled to judgment on the pleadings by simply relying on a previously filed and denied motion for appointment of counsel. (ECF No. 50 at 3.) In the underlying briefing, Plaintiff appears to clarify that his motion for judgment on the pleadings was based only on his motion for appointment of counsel and was filed because defense counsel indicated that he would not object to the motion for appointment of counsel. (ECF No. 27 at 1.) The Court clarifies for Plaintiff that filing a motion for judgment on the pleadings in support of or based on an unobjected-to motion is not necessary and is in fact procedurally improper.

To the extent Plaintiff is objecting to the First R&R, Plaintiff appears to reiterate his allegations that he has had hepatitis C since 1968, is enrolled in the infectious disease chronic clinic for hepatitis C, and still has not gotten any treatment for hepatitis C from NDOC medical staff. (ECF No. 53 at 1.) Plaintiff's sparse argument and reiteration of allegations from his complaint is insufficient to establish an entitlement to judgment on the pleadings. A Rule 12(c) motion challenges the legal sufficiency of the *opposing party*'s pleadings, and therefore, Plaintiff needed to have pointed to the legal sufficiency of Defendants' defenses in their answer if he were attempting to file a proper Rule 12(c) motion. *See* Judge Karen L. Stevenson & James E. Fitzgerald, *Rutter Practice Guide: Federal Civil Procedure Before Trial (Calif. and 9th Cir. Edition)*, Ch. 9-E Motion for Judgment on the Pleadings. Accordingly, the Court overrules Plaintiff's Objection as to the First R&R, adopts the First R&R, and denies Plaintiff's Motion.

### B.     Objection to Second R&R

Judge Denney recommends granting Defendants' Motion because, although there is a genuine issue of material fact as to whether Plaintiff had hepatitis C, there is no evidence that a failure to provide or delay in providing hepatitis C treatment has led to further injury. (ECF No. 52 at 8-9.) "A delay in treatment can violate the constitution if it results in injury." *Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th Cir. 2022) (citing *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)). "[P]laintiffs alleging deliberate indifference must also demonstrate that the defendants' actions were

3

both an actual and proximate cause of their injuries." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013).

First, the Court agrees with Judge Denney's analysis that there is a genuine dispute of material fact as to whether Plaintiff has had hepatitis C. (ECF No. 52 at 7-8.) Defendants proffer a declaration by Minev stating that Plaintiff did not suffer from chronic hepatitis C. (ECF No. 31-2 at 4.) On the other hand, Plaintiff's chronic care medical records (ECF No. 33-1 at 3), Minev's response to one of Plaintiff's grievances (ECF No. 41 at 4), and Plaintiff's sworn allegations (ECF No. 6 at 4) all indicate that Plaintiff has had hepatitis C.

Next, as to causation and "further injury," consistent with Judge Denney's analysis (ECF No. 52 at 8-9), the Court finds that Defendants have met their initial burden by negating these essential elements of Plaintiff's case. Defendants have presented the following evidence to demonstrate that any alleged delay in hepatitis C treatment did not cause any further injury and that any alleged injury to Plaintiff's gallbladder was not caused by any delay in hepatitis C treatment: (1) Plaintiff's abdominal x-ray that was negative for "acute abdominal pathology," showing no evidence of liver cancer (ECF No. 33-4 at 2; ECF No. 31-2 at 4); (2) Plaintiff's APRI score[3] of 0.12 within normal limits, showing no evidence of liver damage (ECF No. 33-3 at 2; ECF No. 31-2 at 3-4); and (3) a declaration by NDOC's medical director stating that hepatitis C "does not have a direct viral effect on the gallbladder" (ECF No. 40-1 at 2).

Shifting the burden to Plaintiff, he asserts that he had to have emergency surgery to remove his gallbladder and gallstones lodged between his liver and pancreas after a correctional officer had noticed he had jaundice. (ECF No. 36 at 4.) The Court agrees with Judge Denney that Plaintiff provides no medical records or declarations from medical providers or correctional officers to substantiate these assertions or any evidence that his

---

[3]An APRI score is derived from the Aspartate Aminotransferase Platelet Ratio Index formula, which assesses chronic hepatitis C progression. If a patient's APRI score is above 0.5, there may be some liver damage (fibrosis). If the score is above 1.5, the patient likely has or is quickly approaching cirrhosis of the liver. (ECF No. 31-2 at 3.)

gallbladder surgeries were related to hepatitis C. (ECF No. 52 at 9.) Plaintiff therefore fails to meet his burden to oppose summary judgment.

Plaintiff objects to the Second R&R arguing that: (1) an emergency room surgeon had to remove Plaintiff's gallbladder that was "infected with the hepatitis disease" (ECF No. 53 at 2; ECF No. 36 at 4); (2) Plaintiff is unable go to that hospital to obtain evidence or declarations from his medical providers (ECF No. 53 at 3); and (3) Plaintiff intends to prove his case at trial with the surgeon's testimony (*id.*).[4] The Court finds Plaintiff's objections unpersuasive because he cannot rely on conclusory allegations unsupported by factual data to avoid summary judgment at this stage. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). And an expressed inability to obtain evidence and an intent to call certain witnesses at trial does not constitute evidence by which a reasonable juror can find in his favor at this stage.

Accordingly, the Court overrules Plaintiff's Objection as to the Second R&R, adopts the Second R&R, and grants Defendants' Motion.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 53) to the First and Second Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled.

It is further ordered that Judge Denney's First R&R (ECF No. 50) is adopted.

It is further ordered that Judge Denney's Second R&R (ECF No. 52) is adopted.

It is further ordered that Plaintiff's motion for judgment on the pleadings (ECF No. 25) is denied.

---

[4]Because Plaintiff does not object to Judge Denney's denial of Plaintiff's construed request for relief under Federal Rule of Civil Procedure 56(d) (ECF No. 52 at 5), the Court need not conduct de novo review as to that analysis and finds that Judge Denney did not clearly err.

It is further ordered that Defendants' motion for summary judgment (ECF No. 31) is granted.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 5th Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE